IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 MAY -2  P 3: 47

| | |
|---|---|
| JIM MOCK, *et al.* | * |
| Plaintiffs, | * |
| v. | *   Case Number: 2:06CV395-C |
| CHANDELEUR HOMES, INC., *et al.* | * |
| Defendants. | * |

## NOTICE OF REMOVAL

**COME NOW** Chandeleur Homes, Inc., now known as Champion Homes of Boaz, Inc. (hereinafter referred to as "Chandeleur"), one of the defendants in the above-styled action, by and through counsel, pursuant to 28 U.S.C. §§ 1332(a), 1367, 1441, and 1446, and with a full reservation of all rights, claims, demands, defenses, and objections, which include but are not limited to any and all rights of and to arbitration, any and all affirmatives defenses set forth in Rule 12 of the Federal Rules of Civil Procedure, including, but not limited to lack of personal jurisdiction, improper venue, failure to state a claim upon which relief can be granted, etc., together with any and all other rights, claims, demands, defenses, and objections of defendants, files this Notice of Removal and in support of the removal respectfully represents as follows:

### I.    Grounds for Removal

1.    Jim and Ann Mock (hereinafter referred to as "Plaintiffs") commenced the above styled action on the 17th day of March 2006, by filing the Summons and Complaint.

2.    Removal of this action is timely, being within 30 days after receipt and/or notice, through service or otherwise, by any of the named defendants of a copy of the Complaint. 28 U.S.C. § 1446(b).

3. A copy of all process, pleadings and orders filed in the Circuit Court of Montgomery County, certified by the Circuit Court Clerk, which includes the Cover Sheet, Summons served on Champion Enterprises, Inc. (hereinafter referred to as "Champion") the 4th day of April, 2004, the Summons served on Chandeleur the 3rd day of April, 2004, and the Complaint, are attached hereto as Exhibit "A."

4. The only other defendant that has been served with the Complaint, Champion, through its duly authorized representative, has consented to removal.[1] Attached hereto as Exhibit "B" is Champion's Consent to Removal.

5. The District Court of the United States has original jurisdiction over this action based on 28 U.S.C. § 1332(a) and/or supplemental jurisdiction based on 28 U.S.C. § 1441(a) and § 1367.

6. The United States District Court for the Middle District of Alabama, Northern Division, is the federal judicial district and division embracing the Circuit Court of Montgomery County, where the suit was originally filed. For the purpose of removal only, venue is proper under 28 U.S.C. § 1441(a).

7. Chandeleur will provide the Plaintiffs, by and through counsel, written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d). Further, Chandeleur will cause a copy of this Notice of Removal to be filed with the Clerk of the Circuit Court of Montgomery County, Alabama, where the action was pending.

8. The proper filing fee has been tendered to the Clerk of the United States District Court for the Middle District of Alabama, Northern Division.

---

[1] For purposes of removal, the citizenship of defendants sued under fictitious names is disregarded. 28 U.S.C. § 1441(a).

9. In further support of this pleading, Chandeleur has attached hereto as Exhibit "C" the Affidavit of Parker Holloway for Chandeleur (hereinafter referred to as "Holloway Affidavit") and as Exhibit "D", the Affidavit of David N. Goltz, Esquire for Champion (hereinafter referred to as "Goltz Affidavit").

**II.    Diversity Jurisdiction**

10. This case is properly removable pursuant to 28 U.S.C. § 1441, which provides, in pertinent part, as follows:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the District Court of The United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

11. This action is properly removable under 28 U.S.C. § 1441(a) as the United States District Court has original jurisdiction of the case under 28 U.S.C. § 1332(a), as amended, which provides, in pertinent part, as follows:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and cost, and is between - -

(1) Citizens of different states; . . .

12. This Court has diversity jurisdiction over this action because there is complete diversity of citizenship between Plaintiffs on one hand and defendants, Chandeleur and Champion, on the other, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

13. Plaintiffs are residents and citizens of the State of Alabama both at the time of the filing of the Complaint and at the time of removal. (Compliant, ¶¶ 1, 2).

14. At the time of the filing of the complaint and at the time of the filing of this removal petition, Chandeleur and Champion are both Michigan corporations with principal places of business in Auburn Hills, Michigan. (Complaint, ¶ 4; see also Holloway Affidavit, Ex. C, ¶ 2; Goltz Affidavit, Ex. D, ¶ 2). Accordingly, for purposes of determining the existence of diversity jurisdiction, Chandeleur and Champion are citizens of Michigan. See 28 U.S.C. § 1332(c)(1).

### III. Amount In Controversy

15. The amount in controversy exceeds $75,000.00,[2] exclusive of interest and costs.

16. The Complaint seeks a judgment against Chandeleur for "mental anguish and emotional distress, anxiety, embarrassment, anger, fear, frustration, disappointment, worry, annoyance, inconvenience" and that the "Plaintiff has been subject to mold resulting from the

---

[2] When an amount in controversy above the jurisdictional requirement appears on the face of the complaint, there is a strong presumption that federal jurisdiction is proper. See *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 290-93 (1938). Due to the fact that there has not been an express limitation of all claims to an amount below $75,000.00, the "legal certainty" requirement imposed by *Burns v. Windsor Ins. Co.*, 31 F. 3d 1092 (11th Cir. 1994), does not apply to this case. At best, the Complaint claims "unspecified" damages. In a case where the damages are unspecified and not expressly limited to an amount below the jurisdictional threshold, the removing defendant must demonstrate the amount in controversy by a preponderance of the evidence. See *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), reversed on other grounds by *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

defects." (Complaint, ¶ 17). The Complaint further alleges wanton construction and claims under the Alabama Extended Manufacturers Liability Doctrine seeking compensatory and punitive damages a jury may award, together with costs and attorney fees. (Complaint, Counts Seven and Eight and *ad damnum* clauses to said counts).

17. The Complaint claims an unspecified amount of damages. The amount-in-controversy requirement for federal jurisdiction may be satisfied by a demand for damages if it is possible under state law for a jury to award the jurisdictional amount. *Ryan v. State Farm Mutual Automobile Insurance Co.*, 934 F.2d 276, 277 (11th Cir. 1991). Unlike the Complaint filed in *Burns v. Windsor Ins. Co.*, 31 F.3d 1092 (11th Cir. 1994), in this case there has not been an imposed cap on the damages claim.

18. In determining the amount in controversy based on a claim for unspecified damages, defendants must prove by a preponderance of the evidence that the amount in controversy exceeds $10,000.00, (now $75,000.00 and for the Magnuson-Moss Warranty Act, at least the sum or value of $50,000.00 (exclusive of interests and costs) 15 U.S.C. § 2310(d)(3)(B)). *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). Where a plaintiff has made an unspecified demand for damages, a lower burden of proof is warranted because there is simply no estimate of damages to which a court may defer. *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356-1357 (11th Cir. 1996); *See also Gafford v. General Elec. Co.*, 997 F.2d 150, 160 (6th Cir.1993). In making this determination, the court may use its "common sense" by ascertaining the amount in controversy as to punitive damages by considering the number of plaintiffs and defendants. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1334 (5th Cir. 1995).

19. In determining whether the jurisdictional level has been met, the court should

look for guidance to decisions rendered in cases on the same type of suit. *Bolling v. Union Nat'l Life Ins. Co.*, 900 F.Supp. 400, 404 (M.D.Ala.1995). Faced with similar *ad damnum* language in other cases where no specific monetary demand is made, federal courts in Alabama have routinely taken judicial notice of the large punitive damages verdicts in Alabama and sustained removal over a plaintiff's argument that the amount in controversy is insufficient. *See, e.g., Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir. 1996); *Bolling v. Union Nat'l Life Ins. Co.*, 900 F.Supp 400, 405 (M.D.Ala. 1995); *Steele v. Underwriters Adjusting Co.*, 649 F.Supp. 1414 (M.D.Ala. 1986). The Alabama Supreme Court has affirmed large punitive damage awards in fraud and breach of contract actions on numerous occasions.[3]

20. In *Steele v. Underwriters Adjusting Co.*, the court was confronted with the removal of a state court complaint seeking unspecified punitive damages and demanding "judgment against the Defendants in the [sic] amount to be fairly ascertained by the jury." *Id.* at 1415. In the case *sub judice*, the Complaint seeks damages for "mental anguish and emotional distress, anxiety, embarrassment, anger, fear, frustration, disappointment, worry, annoyance, inconvenience" and that the "Plaintiff has been subject to mold resulting from the defects". (Complaint, ¶ 16). The Complaint further alleges wanton construction and claims under the Alabama Extended Manufacturers Liability Doctrine seeking compensatory and punitive

---

[3] *See, e.g., Intercontinental Life Ins. Co. v. Lindblom*, 598 So.2d 886 (Ala.1992); ($1,000,000 in punitive damages on fraud and bad faith claims); *Union Mortgage Company, Inc. v. Barlow*, 595 So.2d 1335 (Ala.1992) ($6,001,000 in punitive damages on claim of fraud); *Allstate Ins. Co. v. Hilley*, 595 So.2d 873 (Ala.1992) ($2,000,000 on claim of fraud); *Smith v. States General Life Ins. Co.*, 592 So.2d 1021 (Ala.1992) ($250,000 in punitive damages on fraud claim); *Fraser v. Reynolds*, 588 So.2d 488 (Ala.1991) ($375,000 on punitive damages in case alleging fraud); *United Companies Financial Corp., Inc. v. Brown*, 584 So.2d 470 (Ala.1991) ($250,000 in punitive damages on claims of fraud and breach of contract); *Standard Plan, Inc. v. Tucker*, 582 So.2d 1024 (Ala.1991) ($500,000 in punitive damages on claim of bad faith); *Fuller v. Preferred Risk Life Ins., Co.*, 577 So.2d 878 (Ala.1991) ($1,000,000 in punitive damages on claims of breach of contract and fraud).

damages a jury may award, together with costs and attorney fees. (Complaint, Counts Seven and Eight and *ad damnum* clauses to said counts). The *Steele* court rejected the plaintiff's belated argument that the amount in controversy was less than $10,000 [now $75,000], recognizing in such cases that a court "may turn to the petition for removal to ascertain the amount in controversy." *Id.* at 1416. In so doing, the *Steele* court held:

> "To allow [a plaintiff claiming unspecified damages to avoid federal jurisdiction] would violate this Court's notions of procedural fair play. A plaintiff should not be allowed to deprive a defendant of his right to remove through artful pleading practices.
>
> . . .
>
> The plaintiff should not be allowed to rob [a defendant] of its right to remove by demanding such damages as may be [']fairly ascertained by the jury[']. Permitting such practice allows the Plaintiff to ['have his cake and eat it too.[']] In other words, the Plaintiff effectively prevents federal jurisdiction by failing to demand a specific monetary figure, while making it possible for the jury to return a verdict well in excess of [the statutory amount]. Such an approach is simply unfair and will not be permitted by this court. *Id.* at 1416.

21. The Eleventh Circuit has held that under Alabama common law, punitive damages are not recoverable for breach of contract. *Boyd v. Homes of Legend, Inc.*, 188 F.3d 1294 (11th Cir. 1999); *see also, Geohagan v. General Motors Corp.*, 291 Ala. 167, 279 So.2d 436, 438 (1973); *see also Wood v. Citronelle-Mobile Gathering Sys. Co.*, 409 F.2d 367, 369 (5th Cir.1968). A warranty is a form of contract. *See Millsap v. Wolfe,* 1 Ala.App. 599, 56 So. 22, 24 (1911).

22. Notwithstanding the above, the claim for relief makes apparent that the amount in controversy exceeds $75,000.00 as Alabama courts have repeatedly returned judgments awarding in excess of $75,000.00 for damages in cases where the same type claims were made[4].

---

[4] *See Horton Homes, Inc. v. Brooks,* 832 So.2d 44 (Ala. 2001) (Complaint, as amended, alleging breach of express warranty, breach of implied warranty, violation of the Magnuson Moss Warranty Act, negligent construction, wanton construction, negligent repair, wanton repair, fraudulent concealment, misrepresentation, misleading warranty under

In *Boyd*, the Eleventh Circuit based the amount-in-controversy on the purchase price of the subject manufactured home. *Boyd v. Homes of Legend, Inc.*, 188 F.3d at 1296, 1301. Notwithstanding the above, this case is distinguishable from the *Boyd* case in that in addition to making a claim for punitive damages and mental anguish, allegations of wantonness and claims under the Alabama Extended Manufacturers Liability Doctrine have been made. (Complaint, Counts Seven and Eight).

    23.    The Complaint further alleges the sufferance of "mental anguish and emotional distress, anxiety, embarrassment, anger, fear, frustration, disappointment, worry, annoyance, inconvenience". (Complaint, ¶ 17). Recent jury verdicts in Alabama reflect the potential magnitude of compensatory damages claims for mental and emotional distress arising from allegations of intentional fraud or breach of warranty. Verdicts well in excess of $75,000 have been rendered against corporate defendants, particularly out-of-state corporations, in such fraud or breach of warranty actions. *See e.g., Gallant v. Prudential Ins. Co. of Am.*, CV-93-50, 1994 WL 180709 (LRP JURY) (awarding $430,000 in compensatory damages for alleged insurance fraud); *Sperau v. Ford Motor Co.*, CV-91-34, 1994 WL 180700 (LRP JURY) (awarding $4,492,000 in compensatory damages to four plaintiffs for emotional distress allegedly caused by fraud); *Horton Homes, Inc. v. Brooks*, 832 So.2d 44 (Ala. 2001) (Complaint, as amended, alleging breach of express warranty, breach of implied warranty, violation of the Magnuson Moss Warranty Act, negligent construction, wanton construction, negligent repair, wanton repair, fraudulent concealment, misrepresentation, misleading warranty under Magnuson-Moss Warranty Act, breach of warranty, and violation of the Magnuson-Moss Warranty Act, and

---

Magnuson-Moss Warranty Act, breach of warranty, and violation of the Magnuson-Moss Warranty Act, and allegations that purchaser had approximately $12,000 in actual economic loss, awarded $150,000 in compensatory damages, together with his costs of $5,340.03 and attorney fees of $34,612.50 plus punitive-damages award of $150,000 (after a remittitur of $450,000).

allegations that purchaser had approximately $12,000 in actual economic loss, plaintiff awarded $150,000 in compensatory damages, together with his costs of $5,340.03 and attorney fees of $34,612.50 plus punitive-damages award of $150,000 (after a remittitur of $450,000); *Southern Energy Homes, Inc. v. Washington,* 774 So.2d 505 (Ala. 2000) (On claims of breach of implied and express warranty, damage award of $375,000.00, a substantial portion of which was for mental anguish damages, was affirmed by Supreme Court of Alabama).

24. The Complaint also states that the "Plaintiffs have been subject to mold resulting from the defects". (Complaint, ¶ 17). Verdicts in cases where mold has been alleged have easily exceeded $75,000.00. See, e.g., *Jury Awards $32 Million to Texas Homeowner in Mold Coverage Case,* Mealey's Litig.Rep.: Mold, Vol. 1, No. 6 (June 2001); see also *New Haverford P'ship v. Stroot,* 772 A.2d 792 (Del. 2001) (Supreme Court of Delaware upheld approximately $1 million verdict against landlord based on tenant claims of leaks and mold in apartment causing health problems).

**IV. Jurisdictional Requirements**

25. There is complete diversity of citizenship between Plaintiffs and Chandeleur and Champion, and given that the amount in controversy exceeds the jurisdictional amount, this Court has original jurisdiction over Plaintiffs' claims. See 28 U.S.C. § 1332(a)(1). To the extent this Court lacks original jurisdiction over any of Plaintiffs' claims, this Court has supplemental jurisdiction over said claims, because the claims form part of the same "case or controversy" as the claims within this Court's jurisdiction. See 28 U.S.C. § 1367(a); see also *Shanaghan v. Cahill,* 58 F.3d 106, 109 (4th Cir. 1995).

26. This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

27. The defendants named herein have heretofore sought no similar relief.

28. Written notice of the filing of this notice of removal has been served upon the Plaintiffs through counsel of record. A copy of this notice of removal will be filed promptly with the Clerk of the Circuit Court of Montgomery County, Alabama.

29. Based on the preceding, this action is properly removable to the federal court in accordance with 28 U.S.C. § 1441(a).

30. The time within which defendant is required to answer or respond to the Complaint in state court has not expired.

31. Pursuant to Rule 81(c) of the *Federal Rules of Civil Procedure*, the defendants will answer and/or present other defenses or objections to the complaint.

32. The defendant reserves the right to amend the notice of removal.

**WHEREFORE, PREMISES CONSIDERED**, defendants, desiring to remove this cause to the United States District Court for the Middle District of Alabama, Northern Division, prays that the filing of this Notice of Removal, the written notice thereof to the Plaintiffs, and the filing of a copy of this Notice of Removal with the Clerk of the Circuit Court of Montgomery County, Alabama, shall effect the removal of said cause to this Court and this Court will take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Montgomery County, Alabama to this Honorable Court.

Respectfully submitted,

RITCHEY & RITCHEY, P.A.

_____
Gregory S. Ritchey, Esquire {ASB-8193-H68G}
Richard S. Walker, Esquire {ASB-8719-L70R}

                                                           Attorneys for Chandeleur Homes, Inc., now known as Champion Homes of Boaz, Inc.

OF COUNSEL:
**RITCHEY & RITCHEY, P.A.**
P.O. Drawer 590069
Birmingham, Alabama 35259-0069
Direct Dial:    (205) 271-3105
Facsimile:     (205) 271-3111

## CERTIFICATE OF SERVICE

      I, the undersigned, do hereby certify that a copy of the foregoing has been served upon the following:

Jere L. Beasley, Esquire
W. Daniel Miles, III, Esquire
C. Gibson Vance, Esquire
**BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.**
Post Office Box 4160
Montgomery, Alabama 36103

by placing a copy of same in the United States Mail, postage prepaid, on this the 2nd day of _____, 2006.

_____
**OF COUNSEL**