**Melissa Rittenour,** Clerk and Register, Circuit Court Montgomery County   Telephone (334) 832-1260

Montgomery County Courthouse, P.O. Box 1667, Montgomery, AL 36102-1667



EXHIBIT A

TO WHOM IT MAY CONCERN:

*kw all*

I, Melissa Rittenour, Clerk of the Circuit Court of Montgomery County, Alabama, do hereby certify that the attached are true and correct copies of documents on file in said office in the case entitled:

CV-2006-745 Summons & complaints
(see attached)

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the Seal of said Court at office in the City of Montgomery, Alabama, on this the __1__ day of __May__, 20__06__.

Melissa Rittenour
Clerk, Circuit Court
Montgomery County, Alabama

STATE OF ALABAMA
MONTGOMERY COUNTY

I, as Circuit Clerk, Montgomery County Circuit Court, do hereby certify that the within is a complete, true and correct copy of the __see attached__ on file in said office.
Witness my hand and the seal of said Court is hereto affixed, this the __1st__ day of __May__, 2006.

Melissa Rittenour
CIRCUIT CLERK

**CV-06-745**

| State of Alabama<br>Unified Judicial System<br>Form ARCivP-93    1/94 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number<br>C V ▯▯▯▯▯▯▯.▯▯<br>Date of Filing: Month ▯▯ Day ▯▯ Year ▯▯    Judge Code: ▯▯▯▯▯ |

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF __Montgomery__ COUNTY

PLAINTIFF __Jim Mock and Ann Mock__ v. DEFENDANT __Chandeleur Homes, Inc., et al.__

First Plaintiff: ☐ Business ☒ Individual ☐ Government ☐ Other

First Defendant: ☒ Business ☐ Individual ☐ Government ☐ Other

**NATURE OF SUIT:** In the column of boxes preceding the categories listed below, number the boxes (in order of priority; one = highest priority) that best describes or categorizes the basis or theory of your suit. You may number up to five case types.

**TORTS PERSONAL INJURY**
- ☐ WDEA – Wrongful Death
- ☒ TONG – Negligence: General
- ☐ TOMV – Negligence: Motor Vehicle
- ☒ TOWA – Wantonness
- ☒ TOPL – Product Liability/AEMLD
- ☐ TOMM – Malpractice - Medical
- ☐ TOLM – Malpractice - Legal
- ☐ TOOM – Malpractice - Other
- ☐ TOXX – Other:_____

**TORTS PROPERTY INJURY**
- ☐ TOPE – Personal Property
- ☐ TORE – Real Property

- ☐ RPRO – Real Property
- ☐ ACCT – Account & Non-Mortgage
- ☐ COXX – Contract: All other
- ☐ CVRT – Civil Rights
- ☐ WTEG – Wills/Trusts/Estates/Guardianships
- ☐ EQND – Non-Damage Actions (Declaratory Judgment, Injunction)
- ☐ MSHC – Habeas Corpus/Extraordinary Writ
- ☐ ADPA – Admin. Procedure Act
- ☐ FELA – Railroad/Seaman (FELA)
- ☐ COMP – Workmen's Compensation
- ☐ COND – Condemnation (Fruits of Crime, Rt of Way, Aband Vehicle)
- ☒ CVXX – Other: __Breach of Warranty__

**ORIGIN** (check one): F ☒ INITIAL FILING   A ☐ APPEAL FROM DISTRICT COURT   O ☐ OTHER:_____
R ☐ REMANDED   T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☒ YES ☐ NO   Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, ARCP, for procedure)

**RELIEF REQUESTED:** $_____ Compensatory   $_____ General
$_____ Punitive   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:** V A N 0 2 5   Date: 3-17-06   Signature: C. 3V

## DISPOSITION DATA (TO BE COMPLETED BY THE COURT)

DISPOSITION DATE: Month ▯▯ Day ▯▯ Year ▯▯
ADMINISTRATIVE DOCKET: Month ▯▯ Day ▯▯ Year ▯▯
TRIAL BEGUN NO VERDICT: Month ▯▯ Day ▯▯ Year ▯▯
JUDGE TAKING FINAL ACTION: Judge Code ▯▯▯▯▯

**JUDGMENT FOR PLAINTIFF**
Type:
- F ☐ Default
- A ☐ Consent
- M ☐ Summary
- N ☐ Bench Trial
- J ☐ Jury Trial
- O ☐ Other:_____

Amount:
$_____ Compensatory
$_____ Punitive
$_____ General
☐ NO MONETARY AWARD

**JUDGMENT FOR DEFENDANT**
Type:
- F ☐ Default
- A ☐ Consent
- M ☐ Summary
- N ☐ Bench Trial
- J ☐ Jury Trial
- O ☐ Other:_____

Amount:
$_____ Compensatory
$_____ Punitive
$_____ General
☐ NO MONETARY AWARD

**DISMISSALS**
- R ☐ Dismissed With Prejudice
- P ☐ Dismissed Without
- S ☐ Prejudice
- T ☐ Transferred to Other Circuit/Venue
- ☐ Other:_____

TRIAL BEGAN: Month ▯▯ Day ▯▯ Year ▯▯
TRIAL ENDED: Month ▯▯ Day ▯▯ Year ▯▯
Number of Trial Days: ▯▯

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| JIM MOCK AND ANN MOCK | * |
| Plaintiffs, | * |
| v. | * Civil Action No.: |
| | * CV-2006- 745 |
| CHANDELEUR HOMES, INC.; | * |
| CHAMPION ENTERPRISES, INC. and | * |
| Fictitious Defendants "A", "B", and "C", whether singular or plural, are those other persons, firms, corporations, or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to the Plaintiffs, all of whose true and correct names are unknown to Plaintiffs at this time, but will be substituted by amendment when ascertained, | * |
| | * **TRIAL BY JURY REQUESTED** |
| Defendants. | * |

## SUMMONS

This service by Sheriff of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

NOTICE TO:   Chandeleur Homes, Inc
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109

The Complaint, which is attached to this summons, is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to,

**C. Gibson Vance
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, Alabama 36103-4160**

the attorney for the Plaintiffs. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS

SUMMONS AND COMPLAINT AS EVIDENCED BY THE RETURN RECEIPT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

DATED: 3/30/06

_____
Circuit Clerk

**RETURN OF SERVICE**

SERVED
DATE:_____     PLACE_____

SERVED ON:

_____     SERVED BY:_____

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

JIM MOCK AND ANN MOCK           *
                                *
        Plaintiffs,             *
                                *
v.                              * Civil Action No.:
                                * CV-2006- 745
                                *
CHANDELEUR HOMES, INC.;         *
CHAMPION ENTERPRISES, INC. and  *
Fictitious Defendants "A", "B", and "C", *
whether singular or plural, are those other *
persons, firms, corporations, or other entities *
whose wrongful conduct caused or contributed *
to cause the injuries and damages to the *
Plaintiffs, all of whose true and correct names *
are unknown to Plaintiffs at this time, but will *
be substituted by amendment when ascertained, *
                                * **TRIAL BY JURY REQUESTED**
                                *
        Defendants.              *

## SUMMONS

This service by Sheriff of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

**NOTICE TO:**   Champion Enterprises, Inc.
                 2701 Cambridge Court, Ste. 300
                 Auburn Hills, MI 48326

The Complaint, which is attached to this summons, is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to,

**C. Gibson Vance
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, Alabama 36103-4160**

the attorney for the Plaintiffs. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT AS EVIDENCED BY THE RETURN RECEIPT, OR

A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

DATED: 3/30/06

_Melissa Pittman Lw_
Circuit Clerk

**RETURN OF SERVICE**

SERVED
DATE:_____

PLACE_____

SERVED ON:

_____

SERVED BY:_____

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| JIM MOCK AND ANN MOCK | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | * Civil Action No.: |
| | * CV-2006-745 |
| | * |
| CHANDELEUR HOMES, INC.; | * |
| CHAMPION ENTERPRISES, INC. and | * |
| Fictitious Defendants "A", "B", and "C", | * |
| whether singular or plural, are those other | * |
| persons, firms, corporations, or other entities | * |
| whose wrongful conduct caused or contributed | * |
| to cause the injuries and damages to the | * |
| Plaintiffs, all of whose true and correct names | * |
| are unknown to Plaintiffs at this time, but will | * |
| be substituted by amendment when ascertained, | * |
| | * **TRIAL BY JURY REQUESTED** |
| | * |
| Defendants. | * |

## COMPLAINT

### PARTIES

1. Plaintiff Jim Mock is over the age of nineteen (19) and is a resident of Dale County, Alabama.

2. Plaintiff Ann Mock is over the age of nineteen (19) and is a resident of Dale County, Alabama.

3. Defendant Chandeleur Homes, Inc. ("Chandeleur") upon information and belief is an Alabama corporation, who does business by agent in Montgomery County, Alabama.

4. Defendant Champion Enterprises, Inc. ("Champion") upon information and belief is a Michigan corporation, who does business by agent in Montgomery County, Alabama.

5. Fictitious Defendants "A," "B," and "C," whether singular or plural, are those other persons, firms, corporations, or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to Plaintiffs, all of whose true and correct names are unknown to Plaintiffs at this time, but will be substituted by amendment when ascertained.

## **BACKGROUND FACTS**

6. Defendant Champion is the parent corporation and/or alter ego of Defendant Chandeleur. Defendants manufactured a manufactured home, which the Plaintiffs purchased in July of 2004.

7. As part of the purchase price, Defendants made a written express warranty to the Plaintiffs. Defendants further warranted that any defects in the materials or workmanship in the home, which they were given notice of within the warranty period, would be repaired or remedied at no cost to the Plaintiffs.

8. The manufactured home manufactured by Defendants failed to perform, failed to serve as a suitable place of residence, and failed in its intended purpose.

9. Subsequent to the failure of the manufactured home and notice by the Plaintiffs to Defendants of such failure, Defendants have failed to effectuate all repairs to the manufactured home. As such, the manufactured home continues to deteriorate structurally.

10. Defendants have failed to honor the warranty or repair in that the manufactured home purchased was not fit for its intended use, was not merchantable at the date of the purchase and has continued to not be fit for its particular purpose, not withstanding efforts to repair the structure by Defendants.

11.  Pursuant to <u>Code of Alabama</u>, 1975 § 7-2-607(3), Plaintiffs have given the Defendants notice of Plaintiffs' breach of warranty claim prior to bringing this suit.

## COUNT ONE
## MAGNUSON MOSS WARRANTY ACT
## 15 U.S.C. § 2301, et seq.

12.  Plaintiffs incorporate by reference all of the preceding paragraphs.

13.  At the time of, or shortly after delivery, the defects listed in paragraph 8 above arose.

14.  At the time of the manufacture, Defendants were merchants, Defendants expressly and/or impliedly warranted that the manufactured home would be merchantable and/or fit for the ordinary purposes for which it was to be used and did expressly warrant that the manufactured home was expressly fit, designed, and built as directed by Plaintiffs, and that the manufactured home was free from defects in materials and workmanship or any defects would be repaired or replaced under the warranty.

15.  The manufactured home, as delivered, was not free from defects in materials or workmanship as stated in paragraph 8 above.

16.  Defendants have failed or refused to correct the defects in the manufactured home and/or the warranty has failed in its essential purpose causing Plaintiffs to suffer injury and damages.

17.  As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have been proximately damaged as follows: the defects in the manufactured home have substantially and severely impaired its use; the home is of decreased or lesser value than represented when purchased; Plaintiffs have suffered mental anguish and emotional distress, anxiety, embarrassment, anger, fear, frustration, disappointment,

3

worry, annoyance, inconvenience; Plaintiffs will be caused to expend money in attempts to have the respective manufactured home repaired; and Plaintiffs have been subject to mold resulting from the defects.

WHEREFORE, Plaintiffs demand judgment against the Defendants in such an amount of compensatory damages as a jury may award, and their costs, as well as reasonable attorney fees as allowed under 15 U.S.C. § 2301, et seq.

## COUNT TWO
## BREACH OF EXPRESS WARRANTY

18. Plaintiffs incorporate by reference all of the preceding paragraphs.

19. At the time of, or shortly after delivery, the defects listed in paragraph 8 above arose.

20. Defendants expressly warranted that the manufactured home would be merchantable and/or fit for the ordinary purposes for which it was to be used and did expressly warrant that the manufactured home was expressly fit, designed, and built as directed by Plaintiffs, and that the manufactured home was free from defects in materials and workmanship or any defects would be repaired or replaced under the warranty.

21. The manufactured home, as delivered, was not free from defects in materials or workmanship as stated in paragraph 8 above.

22. Defendants have failed or refused to correct the defects in the manufactured home and/or the warranty has failed in its essential purpose causing Plaintiffs to suffer injury and damages.

23. As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have been proximately damaged as set forth in paragraph 17.

WHEREFORE, Plaintiffs demand judgment against the Defendants in such an amount of compensatory damages as a jury may award, and their costs.

## COUNT THREE
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

24. Plaintiffs incorporate by reference all of the preceding paragraphs.

25. Defendants breached the implied warranty in that the manufactured home was not merchantable, was not fit for ordinary purposes, and was not built as represented or ordered.

26. Plaintiffs provided notice to Defendants for the breach of implied warranty and has given Defendants opportunity to cure or attempt to cure the numerous defects, but Defendants have failed or refused to do so.

27. As a direct result of the breach of implied warranty or merchantability by Defendants, Plaintiffs were damaged as set forth in Paragraph 17.

WHEREFORE, Plaintiffs demand judgment against the Defendants in such an amount of compensatory damages as a jury may award, and their costs, as well as reasonable attorney fees.

## COUNT FOUR
## BREACH OF FITNESS FOR PARTICULAR PURPOSE

28. Plaintiffs incorporate by reference all of the preceding paragraphs.

29. Defendants breached the implied warranty in that the manufactured home was not merchantable, was not fit for ordinary purposes, and was not built as represented or ordered.

30. Plaintiffs provided notice to Defendants for the breach of fitness for particular purpose and has given Defendants opportunity to cure or attempt to cure the numerous defects, but Defendants have failed or refused to do so.

31. As a direct result of the breach of fitness for particular purpose by Defendants, Plaintiffs were damaged as set forth in Paragraph 17.

WHEREFORE, Plaintiffs demand judgment against the Defendants in such an amount of compensatory damages as a jury may award, and their costs, as well as reasonable attorney fees.

## COUNT FIVE
## BREACH OF WARRANTY OF HABITABILITY

32. Plaintiffs incorporate by reference all of the preceding paragraphs.

33. Defendants breached the implied warranty in that the manufactured home was not merchantable, was not fit for ordinary purposes, and was not built as represented or ordered.

34. Plaintiffs provided notice to Defendants for the breach of warranty of habitability and have given Defendants opportunity to cure or attempt to cure the numerous defects, but Defendants have failed or refused to do so.

35. As a direct result of the breach of warranty of habitability by Defendants, Plaintiffs were damaged as set forth in Paragraph 17.

WHEREFORE, Plaintiffs demand judgment against the Defendants in such an amount of compensatory damages as a jury may award, and their costs, as well as reasonable attorney fees.

## COUNT SIX
## NEGLIGENCE

36. Plaintiffs incorporate by reference all of the preceding paragraphs.

37. Defendants negligently manufactured, designed, built, and/or assembled the manufactured home which the Plaintiffs purchased from Defendants.

38. Defendants owed a duty to use due and ordinary care in the manufacture, design, building, and/or assembly of the manufactured home purchased by the Plaintiffs.

39. The Defendants breached the duty owed to the Plaintiffs by failing to use ordinary and due care in the manufacture, design, building, and/or assembly of the manufactured home which was purchased by the Plaintiffs.

40. As a direct and proximate result of the Defendants' negligence, Plaintiffs was damaged as set forth in Paragraph 17.

WHEREFORE, Plaintiffs demand judgment against the Defendants in such an amount of compensatory damages as a jury may award, and their costs, as well as reasonable attorney fees.

## COUNT SEVEN
## WANTON

41. Plaintiffs incorporate by reference all of the preceding paragraphs.

42. Plaintiffs allege Defendants are guilty of wanton construction of the manufactured home.

43. The workmanship and design are inferior, wantonly performed or done, leaving the manufactured home in a defective condition, thereby causing injury to the Plaintiffs.

7

44. As a direct and proximate result of the Defendants' wantonness, Plaintiffs were damaged as set forth in Paragraph 17.

WHEREFORE, Plaintiffs demand judgment against the Defendants in such an amount of compensatory damages as a jury may award, a separate amount as punitive damages, and their costs, as well as reasonable attorney fees.

## COUNT EIGHT
## ALABAMA EXTENDED MANUFACTURERS LIABILITY DOCTRINE

45. Plaintiffs incorporate by reference all of the preceding paragraphs.

46. Defendants manufactured the manufactured home and placed it in the stream of commerce where Plaintiffs ultimately purchased the manufactured home in the July of 2004.

47. The manufactured home reached the Plaintiffs as the ultimate users or consumers without any substantial change in its condition from the time it was manufactured by Defendants.

48. Plaintiffs used the manufactured home for its intended purpose, as a residence.

49. The manufactured home, when it reached the Plaintiffs, was in a defective condition and/or in a condition that was unreasonably dangerous to the Plaintiffs as the ultimate users or consumers.

50. As a direct and proximate result of Defendants placing a defective and/or unreasonably dangerous manufactured home in the stream of commerce, Plaintiffs were damaged as set forth in Paragraph 17.

8

WHEREFORE, Plaintiffs demand judgment against the Defendants in such an amount of compensatory damages as a jury may award, a separate amount as punitive damages, and their costs, as well as reasonable attorney fees.

Dated: March 17, 2006

_C. 3U_
JERE L. BEASLEY (BEA020)
W. DANIEL MILES, III (MIL060)
C. GIBSON VANCE (VAN025)
Attorneys for Plaintiffs

OF COUNSEL:

**BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.**
Post Office Box 4160
Montgomery, Alabama 36103
(334) 269-2343
(334) 954-7555 (fax)

### JURY DEMAND

**PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY ON ALL ISSUES OF THIS CAUSE.**

_C. 3U_
OF COUNSEL

9

EWR

2. Article Number

|||||||||||||||||||||||
7160 3901 9848 9056 2064

3. Service Type   CERTIFIED MAIL

4. Restricted Delivery? *(Extra Fee)*    ☐ Yes

1. Article Addressed to:

**Champion Enterprises, Inc.
2701 Cambridge Court, Ste. 300
Auburn Hills, MI 48326**

VAN 025

PS Form 3811, July 2001        Domestic Return Receipt

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly): Wendy E. Coley
B. Date of Delivery: 4.4.06
C. Signature: X Wendy E. Coley
   ☐ Agent
   ☐ Addressee
D. Is delivery address different from Item 1?
   If YES, enter delivery address below:
   ☐ Yes  ☐ No

CV-2006-745.02

APR [illegible]
Melissa Rittenour
Circuit Clerk

P- Jim Mock
d- Chandeleur Homes Inc