IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **JIM MOCK,** *et al.* | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | *   Case Number: 2:06-cv-00395-MHT |
| | * |
| **CHANDELEUR HOMES, INC.,** *et al.* | * |
| | * |
| Defendants. | * |

## ANSWER

**COMES NOW**, Champion Homes of Boaz, Inc. f/k/a Chandeleur Homes, Inc. (hereinafter referred to as "Chandeleur"), without waiving the right to compel arbitration, jurisdiction or venue, by and through counsel of record, and for its Answer to the Complaint filed in this matter, states as follows:

### AFFIRMATIVE DEFENSES

Chandeleur incorporates herein all affirmative defenses plead in any of its pleadings or motions filed in this matter.

### PARTIES

1. Sufficient knowledge or information is lacked to admit or deny the allegations contained in this paragraph.

2. Sufficient knowledge or information is lacked to admit or deny the allegations contained in this paragraph.

3. The allegations contained in this paragraph are denied and strict proof thereof is demanded.

4. It is admitted that Champion Enterprises, Inc. ("Champion") is a Michigan Corporation with its principal place of business in Michigan. The remaining allegations contained in this paragraph are denied and strict proof thereof is demanded.

5. Sufficient knowledge or information is lacked to admit or deny the allegations contained in this paragraph.

## BACKGROUND FACTS

6. It is admitted that Chandeleur was in the business of manufacturing manufactured homes. The remaining allegations contained in this paragraph are denied and strict proof thereof is demanded.

7. It is admitted that Chandeleur would have provided its Manufacturer's Limited Warranty & Arbitration Agreement (the "Limited Warranty") to the first retail purchaser of the subject manufactured home and said Limited Warranty speaks for itself. To the extent any allegations in this paragraph conflict with the express terms of the Limited Warranty, said allegations are denied and strict proof thereof is demanded.

8. The allegations contained in this paragraph are denied and strict proof thereof is demanded.

9. The allegations contained in this paragraph are denied and strict proof thereof is demanded.

10. The allegations contained in this paragraph are denied and strict proof thereof is demanded.

11. The allegations contained in this paragraph are denied and strict proof thereof is demanded.

## COUNT ONE
## MAGNUSON MOSS WARRANTY ACT
## 15 U.S.C. § 2301 *et seq.*

12. All prior responses made to each of the paragraphs of the Complaint are hereby adopted and incorporated herein by reference as if same were set out in full.

13. Sufficient knowledge or information is lacked to admit or deny the allegations contained in this paragraph.

14. It is admitted that Chandeleur provided its Limited Warranty to the first retail purchaser of the subject manufactured home and said Limited Warranty speaks for itself. To the extent any allegations in this paragraph conflict with the express terms of the Limited Warranty, said allegations are denied and strict proof thereof is demanded. The remaining allegations contained in this paragraph are denied and strict proof thereof is demanded.

15. The allegations contained in this paragraph are denied and strict proof thereof is demanded.

16. The allegations contained in this paragraph are denied and strict proof thereof is demanded.

17. The allegations contained in this paragraph are denied and strict proof thereof is demanded.

To the extent any response is required to any statements or allegations contained in the prayer for relief or to any headings, such statements or allegations are hereby denied.

## COUNT TWO
## BREACH OF EXPRESS WARRANTY

18. All prior responses made to each of the paragraphs of the Complaint are hereby adopted and incorporated herein by reference as if same were set out in full.

3

19. Sufficient knowledge or information is lacked to admit or deny the allegations contained in this paragraph.

20. It is admitted that Chandeleur provided its Limited Warranty to the first retail purchaser of the subject manufactured home and said Limited Warranty speaks for itself. To the extent any allegations in this paragraph conflict with the express terms of the Limited Warranty, said allegations are denied and strict proof thereof is demanded. The remaining allegations contained in this paragraph are denied and strict proof thereof is demanded.

21. The allegations contained in this paragraph are denied and strict proof thereof is demanded.

22. The allegations contained in this paragraph are denied and strict proof thereof is demanded.

23. The allegations contained in this paragraph are denied and strict proof thereof is demanded.

To the extent any response is required to any statements or allegations contained in the prayer for relief or to any headings, such statements or allegations are hereby denied.

## COUNT THREE
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

24. All prior responses made to each of the paragraphs of the Complaint are hereby adopted and incorporated herein by reference as if same were set out in full.

25. The allegations contained in this paragraph are denied and strict proof thereof is demanded.

26. The allegations contained in this paragraph are denied and strict proof thereof is demanded.

27. The allegations contained in this paragraph are denied and strict proof thereof is demanded.

To the extent any response is required to any statements or allegations contained in the prayer for relief or to any headings, such statements or allegations are hereby denied.

## COUNT FOUR
## BREACH OF FITNESS FOR A PARTICULAR PURPOSE

28. All prior responses made to each of the paragraphs of the Complaint are hereby adopted and incorporated herein by reference as if same were set out in full.

29. The allegations contained in this paragraph are denied and strict proof thereof is demanded.

30. The allegations contained in this paragraph are denied and strict proof thereof is demanded.

31. The allegations contained in this paragraph are denied and strict proof thereof is demanded.

To the extent any response is required to any statements or allegations contained in the prayer for relief or to any headings, such statements or allegations are hereby denied.

## COUNT FIVE
## BREACH OF WARRANTY OF HABITABILITY

32. All prior responses made to each of the paragraphs of the Complaint are hereby adopted and incorporated herein by reference as if same were set out in full.

33. The allegations contained in this paragraph are denied and strict proof thereof is demanded.

34. The allegations contained in this paragraph are denied and strict proof thereof is demanded.

35. The allegations contained in this paragraph are denied and strict proof thereof is demanded.

To the extent any response is required to any statements or allegations contained in the prayer for relief or to any headings, such statements or allegations are hereby denied.

## COUNT SIX
## NEGLIGENCE

36. All prior responses made to each of the paragraphs of the Complaint are hereby adopted and incorporated herein by reference as if same were set out in full.

37. The allegations contained in this paragraph are denied and strict proof thereof is demanded.

38. The allegations contained in this paragraph are denied and strict proof thereof is demanded.

39. The allegations contained in this paragraph are denied and strict proof thereof is demanded.

40. The allegations contained in this paragraph are denied and strict proof thereof is demanded.

To the extent any response is required to any statements or allegations contained in the prayer for relief or to any headings, such statements or allegations are hereby denied.

## COUNT SEVEN
## WANTON

41. All prior responses made to each of the paragraphs of the Complaint are hereby adopted and incorporated herein by reference as if same were set out in full.

42. The allegations contained in this paragraph are denied and strict proof thereof is demanded.

43. The allegations contained in this paragraph are denied and strict proof thereof is demanded.

44. The allegations contained in this paragraph are denied and strict proof thereof is demanded.

To the extent any response is required to any statements or allegations contained in the prayer for relief or to any headings, such statements or allegations are hereby denied.

## COUNT EIGHT
## ALABAMA EXTENDED MANUFACTURERS LIABILITY DOCTRINE

45. All prior responses made to each of the paragraphs of the Complaint are hereby adopted and incorporated herein by reference as if same were set out in full.

46. It is admitted that Chandeleur was in the business of manufacturing manufactured homes. Sufficient knowledge or information is lacked to admit or deny the allegations contained in this paragraph.

47. Sufficient knowledge or information is lacked to admit or deny the allegations contained in this paragraph.

48. Sufficient knowledge or information is lacked to admit or deny the allegations contained in this paragraph.

49. The allegations contained in this paragraph are denied and strict proof thereof is demanded.

50. The allegations contained in this paragraph are denied and strict proof thereof is demanded.

To the extent any response is required to any statements or allegations contained in the prayer for relief or to any headings, such statements or allegations are hereby denied.

Respectfully submitted,

RITCHEY & RITCHEY, P.A.

_____
Gregory S. Ritchey, Esquire (ASB-8193-H68G)
Richard S. Walker, Esquire (ASB-8719-L70R)
Counsel for Champion Homes of Boaz, Inc.
f/k/a Chandeleur Homes, Inc.

OF COUNSEL:
RITCHEY & RITCHEY, P.A.
P.O. Drawer 590069
Birmingham, Alabama 35259-0069
Direct Dial:   205.271.3105
Facsimile:    205.271.3111

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a copy of the foregoing has been served upon the following:

Jere L. Beasley, Esquire
W. Daniel Miles, III, Esquire
C. Gibson Vance, Esquire
**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.**
Post Office Box 4160
Montgomery, AL 36103

by placing a copy of same in the United States Mail, postage prepaid, on this the 19th day of _____, 2006.

_____
OF COUNSEL

8